UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-3-01-F
No. 5:10-CV-93-F

| | |
|---|---|
| ANTONIO MOSCOL,      ) | |
|     Movant,      ) | |
|     ) | |
| v.      ) | O R D E R |
|     ) | |
| UNITED STATES OF AMERICA,      ) | |
|     Respondent.      ) | |

This matter is before the court for ruling on the Government's Motion to Dismiss [DE-#62] Antonio Moscol's ("Moscol") § 2255 motion. The Government contends that Moscol's March 9, 2010, Motion to Vacate, Set Aside, or Correct his sentence [DE #59] fails to state a claim upon which relief may be granted as to Ground One thereof. As to Ground Two, however, the Government agrees with Moscol that the record does not reflect that Moscol's appointed counsel in fact filed a petition for writ of certiorari with the United States Supreme Court as purportedly directed by Moscol.

The court, having carefully reviewed Moscol's motion and memorandum, the Government's response thereto, and the record in this case, hereby ADOPTS the Government's Memorandum [DE-62] as to Ground One. The Government's Motion to Dismiss [DE-62] therefore, is ALLOWED as to Ground One, and Moscol's claim for relief in Ground One is DENIED.

As to Ground Two, however, the court finds:

1. Moscol's direct appeal was decided on October 8, 2008, affirming this court's judgment. *See United States v. Moscol*, 295 Fed. Appx. 568 (4th Cir. Oct. 8, 2008) (UP).

2. Upon inquiry by Moscol, Counsel to the Clerk of the Fourth Circuit Court of Appeals informed Moscol of that court's decision, and by copy of her October 27, 2008, letter, directed

Moscol's counsel to provide Moscol with a copy of his appellate brief and to inform Moscol of his rights concerning Supreme Court review.

3. By letter dated November 5, 2008, Moscol's appointed appellate counsel delivered the required notice and stated, "Please let our office know if . . . you want us to pursue this option [petitioning for writ of certiorari] on your behalf."

4. In response, by letter dated November 10, 2008, Moscol purportedly requested that his attorney timely file a petition for writ of certiorari.

5. Moscol moved in this court on November 26, 2008, for appointment of a new attorney to assist him in preparing a petition for certiorari [DE-51].

6. Moscol's motion for appointment of counsel was denied by order entered January 27, 2009, citing lack of a constitutional right to appointed counsel in pursuing a cert petition, but advising Moscol of his right to file a petition himself. *See* [DE-55].

7. Although Moscol had no constitutional right to counsel in pursuing a certiorari in the Supreme Court, he had a statutory right, pursuant to 18 U.S.C. § 3006A, and Fourth Circuit's CJA Plan.

7. Moscol filed his own petition[1] for writ of certiorari on February 5, 2009. The petition was docketed on February 18, 2009, and denied on March 23, 2009. *See Moscol v. United States*, No. 08-8757, 129 S. Ct. 1645 (March 23, 2009).

8. There is no evidence of record that Moscol's appointed counsel filed a timely petition for writ of certiorari on Moscol's behalf.

9. Had Moscol's appointed counsel filed a petition for writ of certiorari upon receipt of Moscol's November 10, 2008, letter requesting that he do so, that petition in all likelihood would have been timely.

---

[1] The Supreme Court's docket printout lists Antonio Moscol as "Attorney," at an FCI-Bennettsville, SC, address.

2

In conclusion, assuming the authenticity of Moscol's November 10, 2008, letter to his attorney, the failure by that attorney, upon Moscol's request, to file a petition for writ of certiorari, constitutes grounds for post-conviction relief. *Cf. Wilkins v. United States*, 441 U.S. 468 (1979). However, because there is no constitutional right to counsel in filing a certiorari petition in the United States Supreme Court, *see Ross v. Moffitt*, 417 U.S. 600, 617-18 (1974), relief is unavailable pursuant to 28 U.S.C. § 2255. *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008).

Nevertheless, the undersigned is persuaded by the analysis set forth, and the relief ordered, in *Carter v. United States*, No. 3:09cv14, 3:05cr82, 2010 WL 3619252 (W.D.N.C. Sept. 10, 2010) (copy attached) (relying on *United States v. Smith*, 321 Fed. Appx. 229 (4th Cir. 2008), *judgment vacated on* Booker *grounds*, ___ U.S. ___, 129 S. Ct. 2763 (2009). Accordingly, as to Ground Two, Moscol's § 2255 claim that his appellate counsel was ineffective for failing to file a petition for writ of certiorari in the Supreme Court is DENIED. However, in that appellate counsel's failure to do so violated his duty under the Fourth Circuit's CJA Plan, Moscol hereby is ADVISED that he *may* be entitled to relief before the appellate court, and that he may wish to file a Motion to Recall the Mandate with the Court of Appeals for the Fourth Circuit in order to remedy his appellate counsel's violation of his duty under the Fourth Circuit's CJA Plan.

## SUMMARY

It is ORDERED that the Government's Motion to Dismiss [DE-62] is ALLOWED; Moscol's § 2255 motion [DE-59] is DENIED; and this action is DISMISSED without prejudice to Moscol's filing a motion in the Fourth Circuit Court of Appeals seeking a recall and re-entry of its mandate.

It further is ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability, as Moscol has not made a

substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

**Moscol is advised, however, that he may wish to file a motion in the Fourth Circuit Court of Appeals to re-call and re-enter its mandate so that he may seek to remedy his appellate counsel's violation of his duty under the Fourth Circuit's CJA Plan.**

SO ORDERED.

This, the 12th day of November, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4