UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:07-CR-3-01-F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| v. | ) | ORDER |
| ANTONIO MOSCOL, | ) | |
| Defendant. | ) | |

This matter again is before the court, this time on the defendant, Antonio Moscol's ("Moscol") "Motion to Amend {PSR} and Adjust Petitioner [sic] Status as a United States Citizen" [DE-68]. That motion was filed on September 30, 2010. The Government filed a Motion to Dismiss [DE-69], and Moscol filed a Response [DE-72] on November 3, 2010.

At the time Moscol filed the instant motion, he had pending before the undersigned a Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 [DE-59]. Before the instant motion was ripe for ruling, the court entered an order [DE-73] on November 12, 2010, dismissing Moscol's § 2255 motion on the Government's Motion to Dismiss [DE-62], without prejudice to Moscol's filing a motion in the Fourth Circuit Court of Appeals seeking a recall and re-entry of its mandate. The record reflects that the order [DE-73] dismissing Moscol's § 2255 motion without prejudice now is pending appeal. *See* [DE-75].

Although Moscol makes clear that he does not wish for his Motion to Amend to be deemed one seeking relief pursuant to § 2255. He explains that his PSR incorrectly states that he is not a United States citizen, and that the Bureau of Prisons is using that information to preclude him from classification to a custody level that would permit him to participation in the residential drug treatment program. He also contends that the portion of his sentence imposing as a condition of his supervised release that he be surrendered to immigration officials for deportation in accordance with established procedures under the Immigration and Naturalization Act will cause adverse consequences.

To the extent that his complaint if that the Bureau of Prisons is relying upon erroneous information contained in his PSR, he is attacking the execution, rather than the fact, of his sentence. Such allegations must be pursued in the federal district court in the district in which he is incarcerated, and he must demonstrate that he has exhausted his administrative remedies within the Bureau of Prisons. *See* 28 U.S.C. § 2241; *Timms v. Johns*, ___ F.3d ___, No. 10-6496, 2010 WL 4925395, slip op. at 5 (4th Cir. Dec. 6, 2010). Relief under § 2241 requires demonstration of the violation of a right secured by the United States Constitution. The Supreme Court has determined, however, that a federal prisoner has no due process right to any particular security classification or custody level, *see Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

To the extent that Moscol complains of the inaccuracy of his citizenship status information contained in the PSR and relied upon by the court in sentencing, such a claim is required to be raised in a § 2255 motion, because it seeks the *correction* of his sentence. Moscol did not, however, raise the issue in his § 2255 motion, the denial of which currently is on appeal. As the Government notes in its motion to dismiss this Motion to Amend, Moscol's current request for the correction of his sentence amounts to a second or successive § 2255 motion for which certification from the Fourth Circuit Court of Appeals first must be obtained. The court deems Moscol's Motion to Amend to be a second or successive § 2255 motion to the extent it seeks an order of this court correcting his sentence. Because Moscol already has prosecuted a clearly identified prior § 2255 motion in which this claim was not raised, this court is not required to afford him prior warning of this recharacterization. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that a district court may not recharacterize a second post-conviction motion as a second or successive § 2255 motion and dismiss it without prior notice of such recharacterization and its consequences and an opportunity for the litigant to respond. *See also United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002).

Because Moscol's "Motion to Amend" [DE-68], notwithstanding the name he has given it, in fact amounts to a § 2241 motion attacking the execution and administration of his sentence by the Bureau of Prisons, and/or to a second or successive § 2255 motion seeking correction of his sentence, the Government's Motion to Dismiss [DE-69] is ALLOWED without prejudice to Moscol to file an appropriate motion, if any, in the proper court. It therefore is ORDERED, that Moscol's Motion to Amend [DE-68] is DISMISSED for the foregoing reasons. A certificate of appealability is DENIED.

SO ORDERED.

This, the 3rd day of January, 2011.

JAMES C. FOX
Senior United States District Judge